**The below described is SIGNED.**



**Dated: April 26, 2013**

*T Marker*

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| In re:<br><br>ALLAN JAMES CORNIA,<br><br>               Debtor. | Case No. 13-22364<br><br>Chapter 13<br><br>Judge Joel T. Marker |
| --- | --- |

**MEMORANDUM DECISION**

Zions First National Bank, N.A. seeks relief from the automatic stay pursuant to 11

U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001[1] so that it may foreclose against real property held

in trust for the benefit of Allan James Cornia ("Debtor" or "Mr. Cornia"). Zions argues that the

property titled in the name of the trust is not property of the estate and that Zions cannot be

compelled to accept payments on a note to which Mr. Cornia is not a party. The Court conducted

a hearing on Zions' motion on April 9, 2013. The Court has examined the evidence properly

before it, considered the arguments presented by counsel, and engaged in an independent review

of applicable law. The Court now makes the following findings of fact and conclusions of law.

---

[1] All future statutory references are to title 11 of the United States Code unless otherwise
indicated.

## I. FACTS

On May 7, 1998, the Debtor's mother, Bessie E. Cornia, executed an inter vivos trust, which named herself as trustee and from which she was to receive distributions during her lifetime according to her discretion. Upon her death, the trust provided that, after payment of debts and expenses, the "remaining trust property shall be distributed in equal shares to [her] children and to the issue of any deceased child by right of representation." The trust named her three children: Richard Lynn Cornia and Allan James Cornia, who were then living, and Robert Nunon Cornia, who had died before the execution of the trust. In the intervening years between the trust's creation and the present day, Richard Cornia died without issue. Robert Cornia had two children who were adopted by another family and are believed to be still living.

Among the assets Ms. Cornia used to fund the trust was a parcel of real property located at 18 N. 400 E., Logan, Utah ("Logan Property"). On or about September 2, 2010, Ms. Cornia borrowed $80,000 from Zions, pledging the Logan Property as security for the debt. On the same date, Ms. Cornia executed a Home Equity Line Credit Agreement and Disclosure ("Note") and Revolving Credit Deed of Trust ("Deed of Trust"). Zions recorded the Deed of Trust with the Cache County recorder on September 27, 2012 and holds a first position, perfected security interest in the Logan Property.

Ms. Cornia died in early January, 2012. Zions declared the Note in default on September 7, 2012 and accelerated the indebtedness. On October 22, 2012, Zions filed a Notice of Default. Zions pursued its rights as a lienholder against the Logan Property and noticed a foreclosure sale for March 12, 2013.

The Debtor filed for bankruptcy protection under Chapter 13 on March 11, 2013, listing a fee simple interest in the Logan Property on his Schedule A. Zions filed the instant motion on

2

March 12, 2013, asserting that the automatic stay should be lifted because the Logan Property is not property of the estate. Even if it were part of the estate, Zions argues that the Bankruptcy Code does not require it to accept payments from a debtor with whom it does not have contractual privity. Moreover, Zions argues that cause exists to lift the stay because any right the Debtor holds in the Logan Property through the trust is subordinate to the *in rem* rights of Zions pledged by the trust.

## II. DISCUSSION

Therefore, the Court must determine: (1) whether the Debtor's bankruptcy estate encompasses the Logan Property; (2) whether the Debtor can claim an exemption in that property; and (3) whether a lack of contractual privity between the Debtor and Zions is cause for relief from stay.

### A.  *The Bankruptcy Estate*

Upon the filing of a bankruptcy case, § 541(a)(1) provides, with exceptions not applicable here, that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." Courts interpret the term "property" generously, and "an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed."[2] State law creates and defines what interests a debtor has in property.[3] Therefore, we turn to Utah law to determine Mr. Cornia's interest in the property held in trust.

Utah follows the general rule that the creation of a trust involves the division of title between the trustee, who holds legal title to trust property, and the beneficiaries, who hold

---

[2] *Segal v. Rochelle*, 383 U.S. 375, 379 (1966).
[3] *Butner v. United States*, 440 U.S. 48, 55 (1979).

equitable title.[4] Under this principle, "every time a settlor creates a trust there is some interest in the trust res that is *not* transferred to the trustee."[5] Put another way, "the creation of a trust involves the transfer of property interests in the trust subject-matter to the beneficiaries."[6]

As a named beneficiary of the trust, Mr. Cornia has an equitable interest in the trust property, which includes the Logan Property. By operation of § 541(a)(1), his interest in the Logan Property becomes part of the bankruptcy estate.

In reaching this conclusion, the Court readily distinguishes *In re Biorge*,[7] one of its own prior decisions, to which Zions compared the present case. In *Biorge*, the debtors in a Chapter 13 case brought an action for sanctions against a creditor of their wholly-owned limited liability company. The creditor had initiated collection efforts against the limited liability company, which the debtors alleged violated the automatic stay. While the debtors argued that the limited liability company was a *dba* and part of the same bankruptcy case, this Court concluded that it was a separate legal entity that was not entitled to the protection of the automatic stay and denied debtors' motion for sanctions.

The holding of *Biorge* is inapplicable to the facts of this case. *Biorge* recognized that a legally distinct, nondebtor entity could not receive the protections of the Bankruptcy Code merely because its individual owners had filed bankruptcy. A limited liability company is markedly different from property held in trust, however. Under Utah law, a trust beneficiary holds an equitable interest in the trust res, which interest becomes part of the bankruptcy estate by operation of § 541.

---

[4] *Rawlings v. Rawlings*, 240 P.3d 754, 764 (Utah 2010) (citing 76 AM. JUR. 2D *Trusts* § 1 (2005)).
[5] *Id*. (citing *In re Estate of Flake,* 71 P.3d 589 (Utah 2003)).
[6] *In re Hoopiiaina Trust*, 144 P.3d 1129, 1138 (Utah 2006) (citation omitted).
[7] *In re Biorge*, No. 10-23318, 2011 WL 1134109 (Bankr. D. Utah Mar. 28, 2011).

B. *Exemptions*

Debtors are entitled to exempt certain assets from the bankruptcy estate, and § 522

provides the framework for exemptions. What exemptions are available, however, depends on

whether a state precludes debtors from using federal exemptions and requires them to use state

exemptions instead. Utah has opted out of the federal exemption scheme provided under §

522(d).[8] Therefore, assuming Mr. Cornia satisfies the residency requirements of § 522(b)(3)(A),

the exemptions available to him are those provided by Utah state law.

Utah's exemption statutes permit an individual to claim a homestead exemption in

property not exceeding $20,000 if the property is the primary personal residence of the

individual.[9] In his Schedule C, Debtor applies this $20,000 homestead exemption to the Logan

Property. The question is whether a debtor's equitable interest in trust property is sufficient to

claim a homestead exemption.

The homestead exemption in Utah is rooted in the State Constitution,[10] and has been

expanded through the enactment of statutes.[11] Utah courts have lauded it in admiring language,

describing it as "an enlightened public policy" that is "one of the foundation stones upon which

stability of government such as ours rests."[12] The aim of the homestead exemption is not only to

protect citizens and their families from destitution, but also to engender "those feelings of

---

[8] UTAH CODE ANN. § 78B-5-513 (2013) ("No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in Subsection (d) of Section 522 of the Bankruptcy Reform Act (Public Law 95-598), except as expressly permitted under this part.").
[9] UTAH CODE ANN. § 78B-5-503(2)(a) (2013).
[10] UTAH CONST. art. 22, § 1.
[11] *See generally* UTAH CODE ANN. §§ 78B-5-503, 504 (2013).
[12] *Panagopulos v. Manning*, 69 P.2d 614, 617–618 (Utah 1937).

sublime independence which are essential to the maintenance of free institutions."[13] Courts must

construe the homestead statute liberally "to accomplish its beneficent purpose."[14]

Under Utah law, an equitable interest in property is sufficient to assert a homestead

exemption. In *Stucki v. Ellis*, the Utah Supreme Court stated "an equitable owner of land is

entitled to assert a homestead exemption."[15] It is equally a principle of Utah homestead law that

"any estate or interest in land that can be sold under execution will support a claim of homestead,

because the homestead right is to afford protection against execution sales."[16] Therefore, Mr.

Cornia is entitled to claim a homestead exemption in the Logan Property as long as it is his

primary personal residence.

  C. *Contractual Privity*

Zions argues that even if the Logan Property is part of the bankruptcy estate, there is still

cause to grant relief from stay because the debtor does not have a right to alter the contractual

relationship that existed between Zions and Bessie Cornia. In short, the lack of a contractual

relationship between Zions and Allan Cornia prevents him from stepping into Bessie Cornia's

shoes with respect to the loan with Zions.

Debtor admits that he is not in privity of contract with Zions, but avers that this does not

constitute grounds for granting relief from stay under § 362(d)(1). Debtor represents that he will

make payments on the loan, and the loan and all interest will be satisfied within one year after

the date of petition.

---

[13] *Id*. at 618.
[14] *Id*. at 617. *See also P.I.E. Employees Fed. Credit Union v. Bass*, 759 P.2d 1144, 1151 (Utah 1988) ("It has always been the general policy of this and most other courts that homestead statutes should be liberally construed.").
[15] *Stucki v. Ellis*, 201 P.2d 486, 490 (Utah 1949) (citing *Hansen v. Mauss*, 121 P. 605 (1912)).
[16] *Panagopulos*, 69 P.2d at 619.

Because "cause" under § 362(d)(1) is not further defined under the Bankruptcy Code, granting discretionary relief from stay is a determination that must be made on a case by case basis.[17] The Court finds a lack of contractual privity between Zions and the Debtor is not sufficient cause to lift the automatic stay.

Chapter 13 of the Bankruptcy Code gives a debtor like Mr. Cornia the ability to cure a default on his principal residence.[18] This ability is not conditioned on a debtor's being in contractual privity with a creditor. Here, Mr. Cornia's Petition lists the Logan Property as his current residence. He is proposing to make payments to Zions until he sells the property to satisfy the debt against it. The Court will permit him to exercise the rights available to him under Chapter 13 and will not lift the stay for cause under § 362(d)(1).

### III. CONCLUSION

As a beneficiary of the trust, Mr. Cornia holds an equitable interest in the Logan Property under Utah law. That equitable interest brings the Logan Property into the bankruptcy estate. In addition, Utah law entitles Mr. Cornia to claim a homestead exemption in the property. Last, the lack of a contractual relationship between Mr. Cornia and Zions is not cause for lifting the automatic stay. Therefore, Zions' Motion for Relief from Stay is **DENIED.**

---------------------------------------------END OF DOCUMENT---------------------------------------------

---

[17] *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987).
[18] *See* § 1322(c).

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the
Bankruptcy Noticing Center to each party listed below.

Glenn R. Bronson
T. Edward Cundick
PRINCE, YEATES & GELDZAHLER
15 W. South Temple, Suite 1700
Salt Lake City, UT 84101
*Counsel for Zions First National Bank, N.A.*

E. Kent Winward
Abraham Smoot
THE BANKRUPTCY FIRM
4850 Harrison Blvd., Suite 1
Ogden, UT 84403
*Counsel for Allan James Cornia*